UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

     Plaintiff,

  v.              Case No. 22-CR-26

LENARD MONROE, et al.,

     Defendants.

# ORDER

**1. Background**

Lenard Monroe is charged in a second superseding indictment with ten counts of healthcare fraud. Counts 20 through 27 of the second superseding indictment allege a scheme whereby Monroe, Phillip Daniels, Sr., Roy Henton, and Joelle Massey billed the Wisconsin Medicaid program for services they never provided. In the remaining healthcare related counts, Monroe is charged with offering or paying unlawful kickbacks. (Counts 28, 30) and engaging in an unlawful monetary transaction (Count 33).

Daniels, Henton, and Massey (and others) are also charged in the second superseding indictment with a drug distribution conspiracy and related crimes. (Counts 1, 2, 3, 4, 8, 9, 10, 11, 12, 13, 16.) Monroe argues that, because he is not alleged to have

engaged in the drug offenses, joinder is improper under Fed. R. Crim. P. 8(b). Alternatively, severance is appropriate under Fed. R. Crim. P. 14. (ECF No. 227.)

  2. **Joinder**

Rule 8(b) states:

> Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

In the Seventh Circuit, "[w]hen two or more defendants are charged in a single indictment, Rule 8(b) governs joinder of defendants and offenses." *United States v. Ross*, 510 F.3d 702, 710 n.2 (7th Cir. 2007) (quoting *United States v. Cyprian,* 23 F.3d 1189, 1193 (7th Cir. 1994)).

Monroe, Daniels, Henton, and Massey are alleged to have participated in the same healthcare fraud scheme. Joinder under Rule 8(b) is proper when the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Based on the face of the indictment, *see United States v. Todosijevic*, 161 F.3d 479, 484 (7th Cir. 1998), Monroe was properly joined with his co-defendants under Rule 8(b) in Counts 20 through 27.

Beyond Counts 20 through 27, the government argues that joinder is proper because the fraud and drug conspiracies overlapped in time and membership. (ECF No. 308 at 8.) More significantly, the second superseding indictment alleges that the

2
Case 2:22-cr-00026-PP   Filed 04/24/24   Page 2 of 8   Document 326

healthcare fraud scheme was integral to the drug conspiracy because the healthcare fraud was used to launder drug proceeds. The government's explanation of how the drug and fraud offenses are related often impermissibly goes beyond the face of the second superseding indictment. (*See* ECF No. 308 at 8-9.) But the indictment contains one relevant paragraph tying the two schemes together: it alleges that bank accounts for a company involved in the healthcare scheme "were further used to receive drug proceeds through transactions conducted by DANIELS, MASSEY, and other members of the drug trafficking organization, and to transfer monies contained therein to known suppliers of controlled substances, thereby advancing the goals of the drug trafficking organization." (ECF No. 213 at 28-29, ¶ 6.)

Although the second superseding indictment alleges the drug conspirators engaged in money laundering (ECF No. 213, Count Two), it does not explicitly connect that money laundering to the deposits into the healthcare company's accounts. Nonetheless, the allegations in paragraph 6 on pages 28 and 29, quoted above, are sufficient to support that inference and tie the schemes together.

While healthcare fraud and drug dealing may often be unrelated offenses, when defendants allegedly use a business both to launder drug proceeds and to engage in healthcare fraud, the distinct offenses are properly charged in a single indictment. The fact that the involvement of certain defendants may have been confined to either the drug

or fraud schemes does not preclude them from being charged in a single indictment with those who are charged in both categories of crimes.

As such, joinder under Rule 8 is proper despite Monroe's lack of alleged involvement in the drug trafficking.

3. **Severance**

Although joinder is proper under Rule 8, severance may be appropriate under Rule 14(a), which provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." The burden is on the defendant to make a "strong showing of prejudice," *United States v. Moya-Gomez*, 860 F.2d 706, 768 (7th Cir. 1988), which requires showing more than that conducting separate trials increases the defendant's chances of obtaining an acquittal, *United States v. Ervin*, 540 F.3d 623, 629 (7th Cir. 2008).

As a practical matter it would not be feasible for Monroe to be tried with all 15 of his co-defendants. Likely, many defendants will not proceed to trial, and among any who do the court, the government, and the defendants may need to sort out who should be tried together. Monroe's argument for severance would be much stronger if he were to be tried with defendants who are charged only with the drug-related offenses (*i.e.*, Joathan I. Colula, Julio Barraza, Deonte Edwards, Jimmy Gonzalez Macias, Jameel

4

Bradley, Sr., Michael O. Williams, Kevin Nelson, Ramona Fryer, Carla Smith, Itzel Cruz-Gonzalez, Dominique M. Lewis, and Betty J. Daniels). In such an instance the evidentiary efficiencies that underlie the court's strong preference for joint trials would not exist. *See United States v. Braeger*, No. 21-CR-233, 2022 U.S. Dist. LEXIS 224943, at *25 (E.D. Wis. Dec. 13, 2022) (discussing *United States v. Coleman*, 22 F.3d 126, 134 (7th Cir. 1994)).

But for purposes of the present motion the court considers a trial where every defendant and every count is tried together. Or, more practically, a trial in which Monroe is tried alongside his healthcare fraud codefendants Daniels, Henton, and Massey (in which case the drug-related counts against these co-defendants will be heard by the jury).

"The classic situations where failure to sever may be prejudicial involve the admission of damaging evidence at a joint trial that would be inadmissible if the defendant were being tried alone or the exclusion at a joint trial of exculpatory evidence that would be available if the defendant were being tried solo." *United States v. Hardin*, 209 F.3d 652, 664 (7th Cir. 2000). Or a defendant's desire to testify as to one count but remain silent on another could prejudice his right to remain silent. *See United States v. Archer*, 843 F.2d 1019, 1022 (7th Cir. 1988).

Monroe argues that he should not be tried in a joint trial because it would result in a jury hearing substantial evidence about a drug trafficking organization that does not involve him. (ECF No. 277 at 7-8.) "The spillover of that evidence will taint Monroe in the jury's eyes." (ECF No. 277 at 8.)

5

"[A]s a basis for requiring severance, 'evidentiary spillover' has been rejected." *United States v. Abdelhaq*, 246 F.3d 990, 992 (7th Cir. 2001) (citing cases). Jury instructions are sufficient to mitigate the risk that evidence of a defendant's association with others involved in unrelated criminal conduct will result in his conviction. *See United States v. Freland*, 141 F.3d 1223, 1227 (7th Cir. 1998); *United States v. Mohammad*, 53 F.3d 1426, 1432 (7th Cir. 1995) ("If there is a risk of prejudice, measures such as proper limiting instructions often suffice to cure the risk that one defendant will be convicted on account of another defendant's actions." (internal quotation marks omitted)).

Monroe has failed to show that "there is a serious risk that a joint trial would compromise a specific trial right … or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539, 113 S. Ct. 933, 938, 122 L.Ed.2d 317, 325 (1993). Therefore, Monroe's motion for severance will be denied.

4. **Surplusage**

"Upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed. R. Crim. P. 7(d).

Monroe has moved to strike as surplusage the one paragraph that ties together the drug and fraud schemes: that bank accounts for a company involved in the healthcare scheme "were further used to receive drug proceeds through transactions conducted by DANIELS, MASSEY, and other members of the drug trafficking organization, and to transfer monies contained therein to known suppliers of controlled substances, thereby

6

advancing the goals of the drug trafficking organization" (ECF No. 213 at 28-29, ¶ 6). (ECF No. 274.)

"Surplusage should not be stricken unless 'it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial.'" *United States v. Peters*, 435 F.3d 746, 753 (7th Cir. 2006) (quoting *United States v. Rezaq*, 328 U.S. App. D.C. 297, 134 F.3d 1121, 1134 (D.C. Cir. 1998)).

As discussed above, rather than surplusage, the paragraph provides the basis to join the drug offense with the fraud offenses. Presuming that Monroe will be tried with at least one defendant who is charged in both the drug and fraud offenses, the paragraph is not only relevant but essential. Therefore, the court will deny Monroe's motion to strike. But should the government propose to try him alone it may be appropriate for Monroe to again seek to strike the challenged paragraph.

**IT IS THEREFORE ORDERED** that Lenard Monroe's motion to strike (ECF No. 274) is **denied**.

**IT IS FURTHER ORDERED** that Lenard Monroe's motion to sever (ECF No. 276) is **denied**.

**IT IS FURTHER ORDERED** that in accordance with 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59(a) any written objections to any order herein or part thereof shall be filed within fourteen days of service of this order or prior to the Final Pretrial Conference,

whichever is earlier. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 24th day of April, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge