UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                    Case No. 22-cr-26-pp

LENARD MONROE,

        Defendant.

**ORDER OVERRULING DEFENDANT'S OBJECTIONS (DKT. NO. 333) AND AFFIRMING JUDGE DUFFIN'S ORDER DENYING DEFENDANT'S MOTION TO STRIKE AND TO SEVER (DKT. NO. 326)**

On September 26, 2023, the grand jury returned a second superseding indictment against the defendant and fifteen codefendants charging thirty-three total counts, ten of which name the defendant. Dkt. No. 213. The defendant filed a motion to strike a paragraph of the second superseding indictment as surplusage, dkt. no. 274, and a motion to sever, dkt. no. 277. Magistrate Judge William E. Duffin issued an order denying both motions, dkt. no. 326, which the defendant now challenges, dkt. no. 333. Because the court concludes that Judge Duffin's order is not contrary to law or clearly erroneous, the court will overrule the defendant's objections to Judge Duffin's order.

**I.    Background**

The indictment charges the defendant with seven counts of health care fraud in violation of 18 U.S.C. §1347 (Counts 21-27), three counts of offering or

1

paying a healthcare kickback in violation of 42 U.S. 1320a-7b(b)(2)(A) (Counts 28, 30, 32), and one count of money laundering in violation of 18 U.S.C. §1957 (Count 33). Id. at 23-31, 33, 35-36. Counts 21 through 27 allege a scheme in which the defendant and three of his codefendants (Phillip Daniels, Sr., Roy Henton and Joelle Massey) billed the Wisconsin Medicaid program for services they did not provide. Id. at 23-31. The indictment also charges Daniels, Henton, Massey and others with a drug distribution conspiracy and related crimes. Id. at 1-22. The indictment alleges that the healthcare fraud scheme was integral to the operation of the drug trafficking organization ("DTO") because the healthcare fraud was used to launder drug proceeds. The indictment contains one relevant paragraph—Paragraph 6—tying the two schemes together. Paragraph 6 alleges that bank accounts for a company involved in the healthcare scheme "were further used to receive drug proceeds through transactions conducted by DANIELS, MASSEY, and other members of the drug trafficking organization, and to transfer monies contained therein to known suppliers of controlled substances, thereby advancing the goals of the drug trafficking organization." Id. at 28-29 (¶6).

On February 12, 2024, the defendant filed a motion to strike, arguing that "Paragraph 6 of the Scheme to Commit Health Care Fraud (Second Superseding Indictment at p. 28) Should be Stricken as Prejudicial Surplusage." Dkt. No. 275 at 1. The same day, the defendant filed a "motion to sever for misjoinder pursuant to Fed R. Crim. P. 8(b) or, in the alternative, to sever pursuant to Fed. R. Crim. P. 14[,]" arguing that the plaintiff would "be

2

severely prejudiced if he is tried on the health care charges alongside the DTO charges and therefore [the defendant's] health care related charges must be severed from the DTO related charges." Dkt. No. 277 at 1-2. The government opposed both motions, arguing that "[t]he DTO-related charges and the healthcare fraud charges are connected and the evidence of both overlaps significantly." Dkt. No. 308 at 5. The government contended that the defendant "fails to make the required compelling showing of prejudice if he were to be tried with his co-defendants." Id. at 6.

On April 24, 2024, Judge Duffin issued an order denying both motions. Dkt. No. 326. Judge Duffin determined that the defendant was properly joined with Daniels, Henton and Massey under Rule 8(b) because these four "are alleged to have participated in the same healthcare fraud scheme." Id. at 2. In determining that the health care fraud claims were appropriately joined with the DTO charges, Judge Duffin explained:

> While healthcare fraud and drug dealing may often be unrelated offenses, when defendants allegedly use a business both to launder drug proceeds and to engage in healthcare fraud, the distinct offenses are properly charged in a single indictment. The fact that the involvement of certain defendants may have been confined to either the drug or fraud schemes does not preclude them from being charged in a single indictment with those who are charged in both categories of crimes.
> As such, joinder under Rule 8 is proper despite [the defendant's] lack of alleged involvement in the drug trafficking.

Id. at 3-4.

Regarding severance, Judge Duffin explained that "[t]he burden is on the defendant to make a 'strong showing of prejudice,' . . . which requires showing more than that conducting separate trials increases the defendant's chances of

3

obtaining an acquittal[.] Id. at 4 (quoting United States v. Moya-Gomez, 860 F.2d 706, 768 (7th Cir. 1988)) (citing United States v. Ervin, 540 F.3d 623, 629 (7th Cir. 2008)). He reasoned that because jury instructions are sufficient to mitigate the risk of any "evidentiary spillover" related to the DTO, "[the defendant] has failed to show that 'there is a serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence.'" Id. at 6 (quoting Zafiro v. United States, 506 U.S. 534, 539 (1993)). Judge Duffin stated that, "rather than surplusage, [Paragraph 6] provides the basis to join the drug offense with the fraud offenses[,]" and "[p]resuming that [the defendant] will be tried with at least one defendant who is charged in both the drug and fraud offenses, the paragraph is not only relevant but essential." Id. at 7.

On May 7, 2024, the defendant filed an objection to Judge Duffin's order. Dkt. No. 333. In challenging Judge Duffin's joinder decision, the defendant contends that, "[h]ere, there are two distinct schemes," but that "[t]he government attempts to join the two separate schemes through a single paragraph among the six-page recitation of the scheme that reads like an aside and not the gravamen of the health care fraud charges." Id. at 2. The defendant asserts that "[t]here is nothing to indicate that the DTO charges and the health care fraud charges are related enough to constitute a common scheme or plan[,]" and that " there is absolutely nothing to suggest that [the defendant] had anything to do with the DTO or was knowingly involved in laundering money for the DTO." Id. at 3. As to severance, the defendant acknowledges that

4

"[s]everance under Rule 14 is a high burden and that spillover itself is not a basis for severance," but he observes that "the risk of prejudice is heightened when a defendant is distinctly less culpable than his codefendants." Id. at 4 (citing United States v. Jett, 908 F.3d 252, 276 (7th Cir. 2018)). The defendant contends that "[t]he prejudice in joining the health care charges to the DTO-related charges is self-evident" because "[the defendant] has nothing to do with the DTO and that makes him significantly less culpable than his co-defendants." Id. The defendant maintains that Paragraph 6 should be stricken whether he is ultimately tried by himself or with his codefendants. Id. at 4-5. He contends that Paragraph 6 is prejudicial surplusage because "[t]he facts alleged in paragraph 6 are not necessary for the government to prove any of the health care charges" and "[a]ll it does is confuse the jury into believing that [the defendant] is guilty of money laundering by association with Daniels, Henton and Massey." Id. at 5.

On May 31, 2024, the government filed a brief opposing the defendant's objection and encouraging the court to affirm Judge Duffin's order. Dkt. No. 344. Starting with joinder, the government asserts that "the face of the Second Superseding Indictment renders [the defendant] properly joined in the healthcare fraud offenses" because it sufficiently connects the drug and fraud schemes. Id. at 2-3. The government explains:

> Paragraph 3(d) of the Second Superseding Indictment articulates that [the defendant] paid First Response Supportive Care (FRSC) for member referrals to Wellness Personal Care Service (WPCS), which [the defendant] owned and operated. Paragraph 5 indicates that FRSC accounts received not only Wisconsin Medicaid money, but also over a million dollars in unexplained cash deposits. And

5

> Paragraph 6 alleges that FRSC accounts also received drug proceeds, and that monies from the FRSC accounts were used to pay narcotics suppliers. As such, the healthcare business accounts facilitated the drug business and disguised the true nature of the drug proceeds and illegal kickback payments from WPCS.

Id. at 3-4. Based on these allegations, the government asserts that the defendant is appropriately joined because there is significant evidentiary overlap between the drug and fraud schemes, and because "[t]he offenses are connected in time, place, and manner." Id. at 4. Regarding severance under Rule 14, the government contends that the defendant's concerns regarding "the potential for a heightened risk of prejudice" based on what he alleges are different degrees of culpability between himself and his co-defendants does not satisfy the defendant's burden to "demonstrate 'compelling prejudice' to justify severance." Id. at 6 (citing United States v. Madison, 689 F.2d 1300, 1305 (7th Cir. 1982)). The government argues that the defendant "has not pointed to any specific trial right that would be compromised by a joint trial." Id. at 7. Finally, regarding the motion to strike, the government argues that, "[b]ecause Paragraph 6 ties the drug and healthcare fraud offenses together, it is not surplusage[;] [r]ather than being irrelevant, inflammatory, and prejudicial, it captures the very essence of why and how the healthcare fraud, money laundering, and drug trafficking offenses are interconnected." Id. at 8.

## II. Legal Standard

Federal Rule of Criminal Procedure 59(a) allows a district judge to refer non-dispositive matters—"any matter that does not dispose of a charge or defense"—to a magistrate judge for determination. Fed. R. Crim. P. 59(a). A

6

motion to strike a portion of a count and a motion to sever are non-dispositive because they do not dispose of a charge or defense. See United States v. Dyer, Case No. 15-cr-115-JPS, 2016 WL 6988843, at *3 (E.D. Wis. Nov. 29, 2016) ("Federal Rule of Criminal Procedure 59(a) governs the district court's review of a magistrate judge's ruling on a non-dipositive matter, such as Defendants' motions to sever.").

Rule 59(a) allows parties to object to a magistrate judge's ruling on a non-dispositive motion within fourteen days of the order and states that a district court may modify or set aside a magistrate judge's ruling on a non-dispositive motion (or part of such a ruling) only if the ruling is "contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a); see also Hall v. Norfolk Southern Ry. Co., 469 F.3d 590, 595 (7th Cir. 2006); United States v. Bailey, Case No. 14-CR-78, 2015 WL 687490, at *1 (E.D. Wis. Feb. 18, 2015) (applying clear error standard of review to defendant's appeal of magistrate judge's order on motion for disclosure of Brady material); Dyer, 2016 WL 6988843, at *3 (applying clear error standard to magistrate judge's order denying motion to sever); United States v. Luedke, Case No. 16-cf-175, 2018 WL 2059556, at *4 (E.D. Wis. May 2, 2018) (applying clear error standard to review of magistrate judge's grant of a motion to sever).

III. **Discussion**

    A.    Motion to Sever

        1.    *Rule 8 Joinder*

Rule 8(b) of the Federal Rules of Criminal Procedure provides:

7

> **(b) Joinder of Defendants.** The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

"Courts liberally construe the rule to promote judicial efficiency, limit inconvenience to witnesses, and allow the 'total story' to be presented to a single jury[.]" United States v. Valentino, 436 F. App'x 700, 705 (7th Cir. 2011) (quoting United States v. Warner, 498 F.3d 666, 699 (7th Cir. 2007)). "Rule 8(b) does not require that all defendants be charged in the same count, nor that each defendant participate in precisely the same act or transaction[;] [i]nstead, the rule permits joinder of defendants engaged in a series of acts that are logically related." Id. at 706 (internal citations omitted). "What is necessary is a common plan or scheme, which turns on whether the transactions are interconnected in time, place, and manner." Id. (citing United States v. Cavale, 688 F.2d 1098, 1106 (7th Cir. 1982)). "In evaluating whether a common scheme exists, the court looks solely to the allegations in the indictment." United States v. White, 737 F.3d 1121, 1132 (7th Cir. 2013) (citing Warner, 498 F.3d at 699).

Judge Duffin's order regarding Rule 8 joinder is not contrary to law or clearly erroneous. The indictment appropriately joins the defendant with co-defendants Daniels, Henton and Massey, who also are alleged to have participated in the healthcare fraud scheme; as Judge Duffin put it—they "are alleged to have participated in *the same* healthcare fraud scheme." Dkt. No. 326 at 2 (emphasis added). Counts 21 through 27 detail how the defendant,

8

Daniels, Henton and Massey acted in concert to perpetrate the healthcare fraud scheme. Dkt. No. 213 at 23-30. Paragraph 6 ties the healthcare fraud scheme to the DTO counts in terms of "time, place, and manner." See Valentino, 436 F. App'x at 706. Although Paragraph 6 does not name the defendant specifically, it alleges that bank accounts the defendant paid into to further his involvement in the healthcare fraud were being "used to receive drug proceeds . . . and to transfer monies contained therein to known suppliers of controlled substances[.]" Dkt. No. 213 at 27-29. Like Judge Duffin, the court concludes that the healthcare fraud scheme and the DTO counts are "logically related" in a way that allows them to be properly joined. See Valentino, 436 F. App'x at 706.

        2.    *Rule 14 Severance*

Even when joinder under Rule 8 is proper, "Rule 14 authorizes the district court to grant a severance when it appears that a defendant's trial will be prejudiced by the joinder of either offenses or defendants." United States v. Koen, 982 F.2d 1101, 1112 (7th Cir. 1992). The Supreme Court has held that "a district court should grant a severance under Rule 14 *only if there is a serious risk* that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993) (emphasis added). A defendant has a "heavy burden" to show that he would be unable to obtain a fair trial absent severance. White, 737 F.3d at 1133. A defendant "is not entitled to severance simply because his chances of acquittal are higher in

9

a separate trial"; "the prevailing preference is that codefendants be tried together" and "[t]hat preference is especially strong for coconspirators who are indicted together." Jett, 908 F.3d at 276. "In all but the 'most unusual circumstances,' the risk of prejudice arising from a joint trial is 'outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all.'" United States v. Alviar, 573 F.3d 526, 539 (7th Cir. 2009) (quoting United States v. Velasquez, 772 F.2d 1348, 1352 (7th Cir. 1985)).

Judge Duffin's order regarding Rule 14 severance is not contrary to law or clearly erroneous because the defendant has not satisfied the "heavy burden" of showing that he cannot receive a fair trial absent severance. Although the defendant has argued he will be prejudiced by being joined with his co-defendants, dkt. no. 333 at 4, he has not demonstrated that "*there is a serious risk* that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about [his] guilt or innocence[,]" Zafiro, 506 U.S. at 539 (emphasis added). The defendant argues that because he is "significantly less culpable than his co-defendants," there is a "heightened" risk of prejudice if he is tried alongside them. Dkt. No. 333 at 4 (citing Jett, 908 F.3d at 276). But the Seventh Circuit held in Jett, the risk of "inflammatory evidence" alone is not enough to overcome "the preference . . . that codefendants be tried together." Jett, 908 F.3d at 276. Despite the defendant's assertion that he is "significantly less culpable than his co-defendants," it is not clear from the indictment that the defendant and his co-defendants have "markedly different degrees of culpability[.]" Zafiro, 506 U.S. at

10

539. The superseding indictment alleges that the defendant was heavily involved with the healthcare fraud scheme; it appears he may have had a lesser, or non-existent, role in the DTO scheme. The court cannot determine from the face of the indictment whether the defendant is "less culpable" than his co-defendants or simply "culpable in a different way." Finally, as Judge Duffin explained, see dkt. no. 326 at 6, the defendant's concerns about evidence spillover can be mitigated through jury instructions. See United States v. Mohammad, 53 F.3d 1426, 1432 (7th Cir. 1995) ("If there is a risk of prejudice, measures such as proper limiting instructions often suffice to cure the risk that one defendant will be convicted on account of another defendant's actions." (internal quotation marks omitted)).

B.  Motion to Strike

Federal Rule of Criminal Procedure 7(d) states that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." "Surplusage should not be stricken unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." United States v. Peters, 435 F.3d 746, 753 (7th Cir. 2006) (quotation and citation omitted). "The court's decision on a Rule 7(d) motion turns on considerations of relevance and prejudice." United States v. O'Connor, 656 F.3d 630, 645 (7th Cir. 2011) (citing Peters, 435 F.3d at 753).

The court agrees with Judge Duffin that "rather than surplusage, [Paragraph 6] provides the basis to join the drug offense with the fraud offenses[,]" and so, "[p]resuming that [the defendant] will be tried with at least

11

one defendant who is charged in both the drug and fraud offenses, the paragraph is not only relevant but essential." Dkt. No. 326 at 7. Based on the indictment, it appears that the defendant made payments into the bank accounts that are described in Paragraph 6. See Dkt. No. 213 at 27-29 (¶¶3(d), 6). At this stage, it is not proper to strike Paragraph 6. As Judge Duffin observed, the Rule 7(d) analysis for Paragraph 6 may change "should the government propose to try [the defendant] alone," but as the record currently stands, Judge Duffin's order regarding the defendant's motion to strike Paragraph 6 is not contrary to law or clearly erroneous.

## IV. Conclusion

The court **OVERRULES** the defendant's objections Dkt. No. 333.

The court **AFFIRMS** Judge Duffin's order denying defendant's motion to strike and denying defendant's motion to sever. Dkt. No. 326.

Dated in Milwaukee, Wisconsin this 21st day of August, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**